UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CORLISSA HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15CV204 RLW |
| | ) |
| MANPOWER, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's claims against Loretta Dodson ("Dodson") (ECF No. 30). The motion is fully briefed and ready for disposition. Upon review of the motions, the responses, and the exhibits, the Court will grant Defendants' motion with respect to Plaintiff's claims under the MHRA and Title VII.

## Background

Plaintiff brings this action against Defendants Manpower, Inc. ("Manpower") and Dodson under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981. Plaintiff alleges discrimination based on her race, African American, stemming from an October 16, 2014 work incident that allegedly involved a piece of tape with a written racial epithet on her work cart.[1] (Second Am. Compl. ¶¶ 14, 17-19, ECF No. 20) Plaintiff further alleges that neither her supervisor, Defendant Dodson, nor her employer, Defendant Manpower, followed proper procedure in addressing her report of discrimination. (*Id.* at ¶¶ 21-35) Instead, Plaintiff claims that she was fired at the end of her shift in retaliation for reporting the racial

---

[1] The piece of tape read, "just another nigga with a scrap." (Second Am. Compl. ¶ 20)

discrimination after she preserved the evidence by taking a photo. Defendants told Plaintiff she was "fired" for violating company policy prohibiting cameras on-site. (*Id.* at ¶¶ 37, 40-44)

On December 23, 2014, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant Manpower on the basis of race and retaliation. (Pl.'s Ex. 1, ECF No. 24) In the Particulars, Plaintiff mentions two line leaders/supervisors to which she reported the incident, Dodson, a Caucasian individual, and Kelvin Mackins, an African American individual. (*Id.*) Plaintiff states that Dodson tried to convince her that the workers were not racist, and Mr. Mackins told her the line was from a rap song. (*Id.*) In the Intake Questionnaire, Plaintiff mentions three individuals, Ms. Dodson, Mr. Mackins, and the on-site manager, Nick Reynolds. Plaintiff states that Loretta Dodson informed her of the reason she was let go and that Dodson failed to act as thought the situation was important. (Pl.'s Ex. 2, ECF No. 24)

Plaintiff filed a Petition against Defendants Manpower, The Procter & Gamble Paper Products Company,[2] and Dodson in state court on September 16, 2015. She filed a First Amended Petition on September 17, 2015. Defendants removed the case to federal court on the basis of federal question jurisdiction. After Defendants filed a motion to dismiss, Plaintiff filed a Second Amended Petition ("Complaint"). Defendants then renewed their Motion to Dismiss the claims against Dodson for failure to exhaust administrative remedies. (Defs.' Mot. to Dismiss, ECF No. 30)

---

[2] Plaintiff filed a Motion to Dismiss Party, and this Court dismissed The Procter & Gamble Paper Products Company without prejudice on November 20, 2015. (Order of Dismissal, ECF No. 13)

## Legal Standards

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## Discussion

Defendants argue that the Court must dismiss the claims against Dodson because Plaintiff failed to name Dodson as a respondent in the Charge of Discrimination, thus failing to exhaust her administrative remedies. Plaintiff responds that she named Dodson in the Particulars and in the EEOC Intake Questionnaire such that Dodson knew or should have known of the charge against her. In addition, Plaintiff contends that she was not represented by an attorney during the administrative process, and she should retain her right to complete redress without hindrance from procedural requirements. Finally, Plaintiff asserts that Defendant Dodson has not been prejudiced.

Under the Missouri Human Rights Act ("MHRA"):

> [a]ny person claiming to be aggrieved by an unlawful discriminatory practice may make, sign, and file with the commission a verified complaint in writing . . . which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the commission.

Mo. Rev. Stat. § 213.075.1. Further, a claimant under the MHRA "must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994). Thus, for a plaintiff to exhaust her administrative remedies, "[s]he must name all of those alleged to be involved in the discriminatory behavior in [her] original administrative charge." *Breidenbach v. Shillington Box Co., LLC*, No. 4:11CV1555 JCH, 2012 WL 85276, at *6 (E.D. Mo. Jan. 11, 2012) (citing *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009)).

The requirement that an individual be named in the charge to then be included in a later civil suit serves the purpose of "giv[ing] notice to the charged party and provid[ing] an avenue for voluntary compliance without resort to litigation . . . ." *Hill*, 277 S.W.3d at 669 (citations omitted). "If allowing suit would not be inconsistent with these purposes, then some federal cases have forgiven a failure to join the individual in the initial charge." *Id.* (citation omitted). A plaintiff meets the requirements for naming an individual where a substantial identity of interest exists between the parties sued and those charged. *Id.* Factors to consider when determining whether a sufficient identity of interests exists include:

> "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party."

*Id.* at 669-70 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977)).

Upon thorough consideration of the pleadings and exhibits, the Court finds that Plaintiff has failed to exhaust her administrative remedies such that her MHRA and EEOC claims against individual Defendant Dodson must be dismissed.[3] First, as evidenced by the information provided in the Charge of Discrimination and the Intake Questionnaire, Plaintiff could have ascertained Dodson and named her individually at the time she filed her EEOC complaint.[4] *See Perkins v. Davis*, No. 4:14-CV-01755-SPM, 2015 WL 3572501, at *3 (E.D. Mo. June 5, 2015) (finding plaintiff's knowledge that the individual defendant was his supervisor and the mention of that supervisor's name and role in the Particulars demonstrated that plaintiff could have ascertained the supervisor's role at the time he filed the charge); *Thomas v. Nash*, No. 4:14-CV-1993 ERW, 2015 WL 1222396, at *3 (E.D. Mo. Mar. 17, 2015) (stating that plaintiff's knowledge of her direct supervisor at the time she filed her charge demonstrated that plaintiff could have named the supervisor in the charge if she intended to pursue individual claims). Thus, the Court finds that the first factor weighs in favor of dismissal. *Id.*

---

[3] Plaintiff also raises a claim under 42 U.S.C. § 1981, to which both Defendants filed an answer. Defendants do not address the § 1981 claim in the Motion to Dismiss, and therefore that claim against Dodson remains.

[4] Plaintiff contends that she was *pro se* when she filed her Charge and relied upon the investigator's representations when completing her Charge. Further, she maintains that she provided sufficient information to inform Dodson that she would be party to the discrimination claims. However, the Intake Questionnaire merely states that Dodson provided the reasoning for letting Plaintiff go, taking a picture against company policy, and failed to act as if the situation was important. In the substantive portion of the Charge, Plaintiff simply mentions that Dodson was one of the team leaders and that Dodson tried convincing Plaintiff that the company was not racist. Finally, Plaintiff's First Amended Affidavit merely indicates that she provided Dodson's name in the Particulars and the Intake Questionnaire. (Pl.'s First Am. Aff. ¶¶ 9, 13, ECF No. 43) The Charge of Discrimination and Particulars provide no details indicating that Dodson's actions were discriminatory that would give rise to notice of the charge. *See Jackson v. Mills Props*, No. 4:11CV419SNLJ, 2011 WL 3607920, at *3 (E.D. Mo. Aug. 12, 2011) (finding no substantial identity of interests between the named defendant and the individual defendants where plaintiff's documents failed to show that the individual defendants should have been considered as part of her administrative charge).

With regard to the second factor, Dodson's interests are not so similar to Manpower's such that it would have been unnecessary to include Dodson in the EEOC proceedings. "An employer-employee relationship, standing alone, cannot create such similarity of interests." *Perkins*, 2015 WL 3572501, at *4 (citations omitted). "The risk of an individual being personally sued is very different from a suit against the employer." *Thomas*, 2015 WL 1222396, at *4 (citation omitted). An individual employee may approach the conciliation process differently when he or she has a personal interest at stake. *Id.* Because nothing in the pleadings demonstrates that Dodson's interests are similar to Manpower's, this factor favors dismissal. *Perkins*, 2015 WL 3572501, at *4 (citations omitted).

The third factor requires the Court to consider whether Dodson was prejudiced by the inability to respond to the EEOC investigation or engage in the conciliation process. Here, Manpower was provided the opportunity to address the charges, and did so in a letter to the investigating officer. (Pl.'s Ex. 4, ECF No. 24-1) The letter provides details and explains Manpower's position on Plaintiff's allegations of discrimination. Further, the letter only mentions Mr. Mackins by name, not Dodson. The fact that Dodson was unable to respond during this investigation is prejudicial to Dodson. "Answering questions as part of an investigation against your employer presents a far different scenario compared to being named as an individual defendant from the outset." *Borders v. Trinity Marine Prods., Inc.*, No. 1:10CV146 HEA, 2010 WL 5139343, at *3 (E.D. Mo. Dec. 9, 2010). Thus, the prejudice to Dodson under the third factor weighs in favor of dismissal.

Finally, nothing in the record indicates that Dodson represented to Plaintiff that Dodson's relationship with Plaintiff was to be through Manpower. "Courts have refused to find an individual supervisor to be an alter ego of her employer merely based on the employment

6

relationship, noting that to do so 'would make every employee of every corporate defendant subject to a discrimination lawsuit even when he or she is unnamed in the Charge.'" *Perkins*, 2015 WL 3572501, at *4 (quoting *Thomas*, 2015 WL 1222396, at *4). Therefore, the fourth factor favors dismissal.

In sum, the Court finds that Plaintiff is unable to satisfy the "identity of interest" factors in *Hill*. The Court is aware that in certain instances, courts in this district will allow a case to proceed against a party not named in the Charge of Discrimination. However, the Court finds those cases distinguishable, as the Particulars contained specific details of the supervisor's direct role in the allegedly discriminatory acts. *See Moschetto v. Boeing Aerospace Operations, Inc.*, No. , 2014 WL 5320277, at *3 (E.D. Mo. Oct. 17, 2014) (noting that the Particulars detailed the individual defendant's supervisory and direct role in the plaintiff's requests for accommodation and in the actions taken against plaintiff); *Humphrey v. Vision Fin. Corp.*, No. 4:12-CV-198-JAR, 2012 WL 3038539, at *2 (E.D. Mo. July 25, 2012) (denying motion to dismiss for failure to exhaust administrative remedies where plaintiff specifically identified her supervisor as the perpetrator of the alleged discriminatory and retaliatory acts). As previously stated, however, Plaintiff merely names Dodson, along with two other supervisors, and does not provide any information regarding her role in the alleged discrimination and retaliation. Thus, the Court finds that dismissal of Plaintiff's MHRA and Title VII claims against Defendant Dodson for failure to exhaust administrative remedies is warranted. *Perkins*, 2015 WL 3572501, at *4.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's claims against Defendant Dodson (ECF No. 30) is **GRANTED** with regard to the claims under the MHRA and Title VII, and those claims are **DISMISSED** with prejudice as to Defendant Dodson. Dated this 13th Day of May, 2016.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**